NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0140n.06

No. 23-5802

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | |
|---|---|
| GREGORY A. WHITMAN; MONICA L. WHITMAN, | ) ) ) ) |
| Plaintiffs-Appellants, | ) ) |
| v. | ) ) |
| CITIMORTGAGE, INC., | ) ) |
| Defendant-Appellee, | ) ) |
| TOWD POINT MASTER FUNDING TRUST 2016-PM18; SELECT PORTFOLIO SERVICING, INC., | ) ) ) ) |
| Third-Party Defendants-Appellees. | ) ) |

FILED
Mar 21, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

OPINION

Before: BOGGS, MOORE, and GIBBONS, Circuit Judges.

BOGGS, Circuit Judge. This case concerns a dispute about a mortgagee's alleged failure to timely release a lien on a family's home. The family eventually satisfied the mortgage, but the lien on their home remained. When the family asked their once-primary mortgagee—which had since sold ownership of the loan—to release the lien, the mortgagee declined, arguing that it lacked the authority to do so because it no longer owned the mortgage. The family sued under Kentucky's recording statute, which entitles property owners to per diem damages from lienholders that lack good cause for knowingly failing to timely release a satisfied lien. Because we agree that the mortgagee had good cause for not releasing the family's lien, we affirm the district court's grant of summary judgment for the mortgagee.

I

Gregory and Monica Whitman live at 134 Trammel Lane in Corbin, Kentucky. On March 27, 2006, they obtained a mortgage loan from Wilmington Finance, Inc., which was secured by a mortgage on their Trammel Lane property. On June 5, 2009, CitiMortgage acquired the loan. Thereafter, the Whitmans directed their monthly payments to CitiMortgage. In early 2017, CitiMortgage notified the Whitmans via mail that it had transferred ownership of the loan to Towd Point Master Funding Trust 2016-PM18 ("Towd") and servicing of the loan to Select Portfolio Servicing, Inc. ("SPS"). Thereafter, the Whitmans remitted their payments to SPS.

In May 2018, the Whitmans refinanced their loan with a new lender. They paid the balance of the original loan to SPS but later discovered that release of the associated mortgage had not been recorded with the Whitley County Clerk's Office. In a letter dated July 25, 2019, the Whitmans, through counsel, asked CitiMortgage to release the mortgage. CitiMortgage, through its affiliate Verdugo Trustee Service Corporation, responded eight days later, claiming that it could not release the mortgage because SPS, not CitiMortgage, serviced the loan, and instructing the Whitmans to contact SPS. But instead of heeding those instructions, the Whitmans sent another letter demanding that CitiMortgage release the mortgage.

With little luck coming from their letters to CitiMortgage, the Whitmans commenced this action in Whitley County Circuit Court on November 16, 2020, alleging that CitiMortgage was liable to them for per diem damages under Kentucky's lien-release statute, Ky. Rev. Stat. § 382.365. CitiMortgage removed the case to federal court in the Eastern District of Kentucky and soon after joined Towd and SPS as third-party defendants. The parties filed cross-motions for summary judgment. Although the district court found some genuine disputes as to whether the Whitmans had satisfied § 382.365's notice requirement, it concluded that CitiMortgage had good

cause for failing to timely release the mortgage. Accordingly, the court granted summary judgment for CitiMortgage and denied summary judgment to the Whitmans.

Approximately four years after it first notified the Whitmans that it transferred ownership to Towd, CitiMortgage formally recorded its assignment on February 17, 2021. On July 1, 2021, Towd released the mortgage.

II

We review de novo a district court's decision to grant summary judgment. *Compuware Corp. v. Moody's Inv'rs Servs., Inc.*, 499 F.3d 520, 525 (6th Cir. 2007). "When reviewing cross-motions for summary judgment, we must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir. 2003). "The fact that the parties have filed cross-motions for summary judgment does not mean, of course, that summary judgment for one side or the other is necessarily appropriate." *Parks v. LaFace Records*, 329 F.3d 437, 444 (6th Cir. 2003). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). At this stage, we do not engage in credibility determinations or weigh evidence. Rather, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

III

Under Kentucky law, a holder of a lien on real property must release the lien within 30 days of the date of satisfaction of the underlying debt. Ky. Rev. Stat. § 382.365(1). The date of satisfaction is the "date of receipt by a holder of a lien on real property of a sum of money . . . that

is sufficient to pay the principal, interest, and other costs owing on the obligation that is secured by the lien on the property." *Id.* § 382.365(7). "If the court finds that the lienholder received written notice of its failure to release and lacked good cause for not releasing the lien, the lienholder shall be liable to the owner of the real property" for per diem damages. *Id.* § 382.365(4). To establish such a claim, a property owner must show that (1) he satisfied the underlying debt "by payment in full to the final lienholder or final assignee"; (2) the final lienholder or assignee "received written notice of its failure to release" the lien; and (3) after receiving notice, the final lienholder or assignee "lacked good cause for not releasing the lien." *Ibid.* The parties dispute the second and third elements. In particular, they dispute whether CitiMortgage was the "final lienholder or final assignee" and whether CitiMortgage's refusal to release the lien on the belief that it lacked the authority to do so constitutes good cause. Because the good-cause provision "provides lienholders an affirmative defense to the imposition of statutory penalties" and we conclude that CitiMortgage had good cause, we need not and do not opine on whether CitiMortgage was the final lienholder or final assignee. *See Hall v. Mortg. Elec. Registrations Sys., Inc.*, 396 S.W.3d 301, 305 (Ky. 2012).

Good cause under § 382.365 is a matter of law "determined by the totality of the circumstances." *Ibid.* "[A]ll relevant circumstances should be considered," so there is no bright-line test, rule, or definition. *See ibid.* In broad terms, the provision should be applied to ensure "prompt action by lienholders after satisfaction of an underlying debt" and "accurate property records." *Id.* at 307. In line with these principles, we conclude that good cause exists under § 382.365 when a lienholder acts in a way that creates a good-faith dispute between the lienholder and property owner as to whether the lienholder has released or should release the lien. In *Hall*, for example, the Kentucky Supreme Court concluded that good cause existed when a bank was misled by a

scrivener's error into believing that it had, in fact, released the lien. 396 S.W.3d at 307–08. Similarly, in *Wolter v. US Bancorp*, the Kentucky Court of Appeals found that a bank's mathematical error, which led it to believe in good faith that the mortgage had not been satisfied, was good cause for failing to release the mortgage. No. 2003-CA-002788-MR, 2004 WL 2984882, at *1–2 (Ky. Ct. App. Dec. 23, 2004).

By contrast, in *Bank of America v. Boone National Bank*, the Kentucky Court of Appeals concluded that a bank's large size was not good cause for preparing but losing a release before it was filed. No. 2004-CA-002422-MR, 2006 WL 504999, at *2 (Ky. Ct. App. Mar. 3, 2006). In that case, any good-faith dispute vanished after the bank was notified that the lien had not been released. *Ibid.* All concerned parties were on the same page that the property owner's lien should have been—but was not—released. *Ibid.* Because the bank did not dispute that the lien should have been released and knew that the lien had not been released, it could not claim that it had good cause for failing to remedy its error. Thus, it was the bank's "negligent lack of response," and not any dispute about whether the lien was or should have been released, that caused its failure to timely release the lien. *Id.* at *5.

Here, CitiMortgage acted in a way that created a good-faith dispute about whether it had the authority to release the Whitmans' mortgage lien. Unlike the defendant in *Boone National*, whose error was simple inaction, CitiMortgage made a conscious choice not to release the lien for good-faith reasons. CitiMortgage believed that it could not release the lien, even if it wanted to. And nothing suggests that this belief was the product of negligence or bad faith. Indeed, although the good-cause defense does not require CitiMortgage to be correct in its belief, *see Hall*, 396 S.W.3d at 307, CitiMortgage had ample reason to think that it was. In Kentucky, the "transfer of a promissory note effects a transfer of an equitable interest in any corresponding mortgage."

*Higgins v. BAC Home Loans Servicing, LP*, 793 F.3d 688, 691 (6th Cir. 2015) (citing *Drinkard v. George*, 36 S.W.2d 56, 57 (Ky. 1930)). And "it is the transfer of a negotiable instrument, not the assignment of a mortgage, which transfers enforcement rights to a real party in interest." *Kelley v. US Bank N.A.*, No. 2019-CA-1227-MR, 2021 WL 2385828, at *4 (Ky. Ct. App. June 11, 2021), *review denied*, (Dec. 8, 2021). Accordingly, the transfer of the promissory note from CitiMortgage to Towd transferred equitable interest in the Whitmans' mortgage, regardless of whether the mortgage was assigned or recorded. As a result, CitiMortgage believed that it was no longer the real party in interest and could not release the lien.

The Whitmans have a different understanding of Kentucky law and argue that CitiMortgage did not transfer its interest because it did not record the assignment until after the Whitmans sent their written notice. But the relevant inquiry to determine good cause is not whether a lienholder's belief is accurate but whether it is reasonable and held in good faith. *See Hall*, 396 S.W.3d at 307–08 (holding that "human error" can constitute good cause if the lienholder took reasonable action consistent with the statute's purposes of "ensuring prompt action by lienholders after satisfaction of an underlying debt, and maintaining accurate property records"). There is no indication that CitiMortgage acted negligently or in bad faith. In its August 2, 2019 letter to the Whitmans' counsel, CitiMortgage's affiliate informed the Whitmans that it could not process a release because the Whitmans had made final payment to SPS, not CitiMortgage. The letter instructed the Whitmans to contact SPS for release, but for reasons unknown, the Whitmans never did. And although § 382.365 places no affirmative duty on borrowers to assist lenders in processing a lien release, the statute does not permit "windfall judgments" when borrowers do not take simple steps to resolve the matter quickly. *See Hall*, 396 S.W.3d at 307 ("[Section 382.365] does not permit borrowers to collect windfall judgments precipitated, in large part, by their

withholding of information (albeit unintentional) which would have resolved the matter quickly"). The Whitmans failed to take the simple step of contacting SPS, which would have avoided this litigation altogether.

These circumstances are more than enough for good cause. In *Village Campground, Inc. v. Liberty Bank*, the Kentucky Court of Appeals found that good cause existed where a bank "could not release a mortgage that it no longer held." Nos. 2007-CA-001454-MR, 2007-CA-001487-MR, 2008 WL 4998478, at *3 (Ky. Ct. App. Nov. 26, 2008). The same is true here. The Whitmans attempt to distinguish *Village Campground* by arguing that the relevant conduct in that case took place before the 2006 amendment to the recording statute, pointing to the addition of the requirement that a mortgage assignment be recorded "within thirty (30) days of the assignment," Ky. Rev. Stat. § 382.360(3). But this is irrelevant. Nothing in the 2006 amendment changes or clarifies what is sufficient for the affirmative defense to § 382.365's imposition of statutory damages. And even if it did, the amended statute—which the Whitmans admit governs their claim—provides that a failure to record such an assignment does not affect the validity of the lien. *See* Ky. Rev. Stat. § 382.365(2) ("Failure of an assignee to record a mortgage assignment shall not affect the validity or perfection, or invalidity or lack of perfection, of a mortgage lien . . . ."). In addition, the burden is squarely on the assignee to record the assignment. *Ibid.*; *see also Village Campground*, 2008 WL 4998478, at *4. CitiMortgage, as the assignor to Towd, had no duty to record the assignment. Thus, its failure to do so cannot be the basis for statutory damages under § 382.365.

IV

For these reasons, we **AFFIRM** the judgment of the district court.[1]

---

[1] The Whitmans also appeal the district court's denial of their motion to alter or amend the judgment. But they make no argument on that point, so we deem it forfeited.